FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ DEC 14 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

JUAN CARLOS MUNERA,

Defendant.

10-CR-429

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On July 28, 2010, Juan Carlos Munera pled guilty to a single-count indictment, which charged that the defendant, an alien who had previously been deported from the United States after a conviction for the commission of an aggravated felony, was found in the United States without the secretary of the United States Department of Homeland Security having expressly consented to such alien's applying for admission, in violation of 8 U.S.C. §§ 1326(a) and (b)(2).

Munera was sentenced on November 29, 2010. The court finds the total offense level to be seventeen and defendant's criminal history category to be category II, yielding a guidelines range of imprisonment of between twenty-seven and thirty-three months. The offense carried a maximum term of imprisonment of twenty years. 8 U.S.C. § 1326(b)(2). The guidelines range of fine was from $5,000 to $50,000.

Munera was sentenced to one year and one day's incarceration and three years' supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*, 543 U.S. 220. *Cf.* Abe Cho, Note, *Lowering Sentences for Illegal Immigrants? Why Judges Should Have Discretion to Vary from the Guidelines Based on Fast-Track Sentencing Disparities*, 43 Colum. J. L. & Soc. Probs. 447 (2010) (arguing that federal district judges have discretion to impose lower sentences in immigration cases to avoid

sentencing disparities with "fast-track" programs found predominately in southwest border states).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Illegally reentering the United States after being repeatedly deported is a serious offense. Munera was raised in Colombia and first entered the United States after he and his mother were abused by his father. He returned to the United States after deportation chiefly to support his mother. Since specific deterrence was not achieved in previous proceedings, a substantial prison sentence is needed. A sentence of one year and one day's imprisonment reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that illegally entering the United States will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation and the impact this conviction will have on the defendant's employability. It is unlikely that he will engage in further criminal activity considering his mother's plan to return to Colombia with him upon his deportation and his desire to never return to the United States. Munera's return is made less likely by the fact that the job that employed him after his previous returns to the United States no longer exists. The defendant was remorseful and has learned from his time in federal custody.

Jack B. Weinstein
Senior United States District Judge

Dated: December 2, 2010
Brooklyn, New York

3